UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALID ALI,

        Plaintiff,               Case No. 2:25-CV-10815
                               District Judge Susan DeClercq
v.                            Magistrate Judge Anthony P. Patti

IT PEOPLE CORPORATION, INC.,

        Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR SANCTIONS (ECF NO. 53 & 54); DENYING IN PART, GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF NO. 52); ISSUING A LIMITED STAY, ASSESSING SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY AND SETTING FURTHER DEADLINES

**A.    Background**

Plaintiff Khalid Ali initiated this action in Wayne County Circuit Court, and Defendant IT People Corporation, Inc. removed it to this court on March 24, 2025. (ECF No. 1.)  The case was assigned to District Judge Susan DeClercq.  After removing the case, Defendant immediately filed a motion to dismiss Plaintiff's complaint under Civil Rule 12(b)(6).  (ECF No. 4.)  Plaintiff then timely filed an amended complaint as of right (ECF No. 6), which prompted Judge DeClercq to deny as moot Defendant's initial motion to dismiss. (ECF No. 4 & 7.)  Defendant then filed a motion to dismiss Plaintiff's amended complaint. (ECF No. 11.)

As Judge DeClercq later stated, "At this point, the docket in this case began to spiral out of control. In addition to filing a response to Defendant's motion to dismiss, Plaintiff filed several documents he titled 'statements' and 'notices,' *see* ECF Nos. 14; 17; 22; 24; 26; 28; 30; 35; 36; 39; 41; 42; 43; 48, most of which are procedurally improper.  Indeed, Defendant filed motions to strike some of them as improper filings, see ECF Nos. 15; 23." (ECF No. 51, PageID.564.)  Plaintiff also filed a motion for leave to file a second amended complaint, and several documents related to that motion.  (ECF Nos. 18, 34, 35, 45.)

Judge DeClercq held a status conference via Zoom on July 15, 2025, and discussed the excessive docket activity.  Relying on Fed. R. Civ. P. 12(f), the Court then issued an order denying all pending motions without prejudice and striking all improper "notices" and "statements" filed by Plaintiff from the record as immaterial and impertinent. (ECF No. 51, PageID.564.)  Plaintiff was additionally given until July 30, 2025, to file a new motion for leave to file a second amended complaint. (*Id.*)

Plaintiff timely filed a motion for leave to file a second amended complaint on July 29, 2025. (ECF No. 52.)  Defendant then filed two motions for sanctions, one filed under Fed. R. Civ. P. 11 (ECF No. 53), and one filed under Fed. R. Civ. P. 26(g)(3).

Thereafter, Judge DeClercq referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 55.)  I conducted a hearing on all three pending motions on September 18, 2025.

## B.    Analysis

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, the Court rules as follows.

### 1.  Defendant's Motion for Sanctions under Fed. R. Civ. P. 11[1]

Defendant's motion for sanctions under Fed. R. Civ. P. 11 (ECF No. 53) is

---

[1] A United States Magistrate Judge has authority to decide a Rule 11 sanction motion without the added step of a report and recommendation.  *See, e.g., Paragon Marketing Group, L.L.C. v. Nadair*, Case No. 03-70202, 2007 WL 128920, *3-*5 (E.D. Mich. Jan. 12, 2007) (Komives, M.J.) (denying Plaintiff's pretrial motion for Rule 11 sanctions where Plaintiff did not comply with Rule 11(c)(1)(A)); *Giganti v. Gen-X Strategies, Inc*., 222 F.R.D. 299, 304 n.9 (E.D. Va. 2004) (finding that the issue of sanctions under Fed. R. Civ. P. 11 is a non-dispositive matter subject to clearly erroneous review, unless the nature of the sanction imposed, such as dismissal of the offending claim or defense, is itself dispositive of the claim or defense); *Gomez v. Martin Marietta Corp*., 50 F.3d 1511, 1519-1520 (10th Cir. 1995) (finding that if magistrate judge does not impose a dispositive sanction, the order falls under Fed. R. Civ. P. 72(a) rather than 72(b)); *Bergeson v. Dilworth*, 749 F. Supp. 1555, 1561-1562 (D. Kan. Oct. 24, 1990) (affirming magistrate's imposition of Rule 11 sanctions where the matter was referred  for all pretrial matters under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) authorized magistrate to dispose of all motions not dispositive of party's claim or defense); and, multiple other cases cited from the bench at the hearing.

**DENIED**.  As stated on the record, Defendant has failed to provide any proof that he complied with Rule 11's mandatory "safe harbor provision," or even to state as such in his motion.  Fed. R. Civ. P. 11(c). Additionally, even if he had complied with the rule, the alleged problematic behavior has effectively been alleviated by Judge DeClercq's July 18, 2025 Order, which largely mooted the issues raised in the Rule 11 motion.  (*See* ECF No. 51.)  Finally, the Court finds that Defendant's motion violates Fed. R. Civ. P. 1, which states, *inter alia*, that the parties should employ the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The path chosen by Defendant is hardly "speedy" and "inexpensive."

###    2.  Defendant's motion for sanctions under Rule 26

Defendant's motion for sanctions under Fed. R. Civ. P. 26(g)(3) (ECF No. 718) is **DENIED.**  As with the Rule 11 motion, the Court finds that the issues raised in Defendant's motion have been resolved by Judge DeClercq's July 18, 2025 Order.  (*See* ECF No. 51.)  Moreover, Defendant conceded at oral argument that the goals of this motion would be achieved by the Court giving appropriate warnings to Plaintiff and putting the kibosh on further discovery, which it has already done from the bench and through its orders.

4

### 3. Sanctions under the Court's inherent authority

Although both motions for sanctions are denied, the Court will impose sanctions under its inherent authority. *See generally, Metz v. Unizan Bank*, 655 F.3d 485, 490 (6th Cir. 2011). At the hearing, the Court explored six inaccuracies in Plaintiff's briefing, and determined that three of them were ambiguous and/or excusable; yet Plaintiff expressly admitted that his filings contained (at least) two misrepresentations and one "phantom" or "hallucinated" regulatory citation.

First, Plaintiff admitted that he misrepresented an alleged quotation of *Union Planters v. L&J Dev. Co.*, 115 F.3d 378 (6th Cir. 1997), which Plaintiff falsely represented contained language holding that Rule 11 sanctions are "reserved for exceptional circumstances." (*See* ECF No. 56, PageID.901.) Second, Plaintiff admitted falsely stating that Michigan's Bullard-Plawecki Employee Right to Know Act (codified at Mich. Comp. Laws §§ 423.501 - 423.512), "requires employers to make personnel records available within 10 business days of a written request." (ECF No. 56, PageID.902 & PageID.906.) Third, Plaintiff admitted that in citing to Michigan Admin. Code R 408.8004, he was referencing a regulatory code that simply does not exist. (ECF 56, PageID.902.) *See Seither & Cherry Quad Cities, Inc. v. Oakland Automation*, LLC, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (sanctioning counsel for hallucinated citations and noting that, "At this point, it 'is no secret that generative

AI programs are known to "hallucinate" nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'") (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)).  The Court admonishes Plaintiff that any misrepresentation to the Court, whether in fact or in law, <u>will not be tolerated</u>. Excessive reliance on AI generated documents, without properly confirming the validity of the citations, does not excuse false statements of law. And Plaintiff's *pro se* status does not entitle him to misquote statements of law, or misrepresent statements of fact.  Moreover, because the misquotes were on such pivotal legal issues – claiming a bright line deadline for provision of employment records under Michigan law that does not exist and adding language to suggest that Rule 11 sanctions must only be applied in exceptional circumstances – the Court finds that the misquotes were either made in bad faith, "tantamount to bad faith," or in the best possible light, wantonly.[2] *Metz*, 655 F.3d at 490. ("A court may assess attorney's fees under its inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct is 'tantamount to bad faith[.]'" (quoting *Chambers v. NASCO,* 501 U.S. 32, 45–46, (1991) (internal quotation marks omitted) and *Roadway Express, Inc. v. Piper,* 447

---

[2] See *Black's Law Dictionary* (12th ed.), *Wanton*, "Unreasonably … risking harm while being utterly indifferent to the consequences." at 1902.

U.S. 752, 767 (1980)).  Indeed, sanctions awarded in the exercise of a district

court's inherent authority may be upheld "without an 'express finding of

willfulness, bad faith or recklessness ... if "the record sets forth sufficient evidence

to support [the district court's] decision."'" *Id*. (quoting *Red Carpet Studios Div. of*

*Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 647 n. 2 (quoting *Toombs v.*

*Leone,* 777 F.2d 465, 471 (9th Cir.1985)).  Here, the record does contain "such

sufficient evidence" and there were consequences to Plaintiff's misguided

portrayal of the law.  In addition to wasting the Court's time verifying what turned

out to be inaccurate and misleading legal quotations, Plaintiff's misrepresentations

likewise provoked unnecessary expenditure of Defendant's attorney fees, as is

evident from the briefing on these issues.

  Accordingly, the Court will on its own volition sanction Plaintiff $200 for

each admitted misrepresentation, for a total of $600.  Plaintiff is **DIRECTED** to

pay that amount to Defendant's attorney to cover a portion of the attorney fees

required by his misrepresentations.  The amount shall be due in two installments.

The first installment of $300 shall be due by **Monday, October 20, 2025.**  Upon

receiving the funds, defense counsel is **DIRECTED** to file with the Court a notice

of satisfaction of the first installment of sanctions. The Court will hold in abeyance

the second installment of the sanctions.  Should Plaintiff proceed through these

proceedings making a good faith effort at compliance with the Federal and Local

Rules, as well as my Practice Guidelines, the second installment may be waived at a later date. Should Plaintiff fail to adhere to the Court's order, the Court will immediately reimpose the second installment of the sanctions.  Until the first installment of sanctions is paid, the Court imposes a **LIMITED STAY**.  The parties are encouraged to continue settlement negotiations,[3] and Plaintiff is granted leave to file his second amended complaint and effectuate service on the added party. The case is stayed in all other respects, including the exchange of initial disclosures and any discovery efforts pending further order the Court.  The Court will not lift the stay until the Court is satisfied the first installment of the sanctions has been paid and until the pleadings are finalized and any motions to dismissed are resolved.  *See Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *see also Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc*., 70 F.3d 422, 430 (6th Cir. 1995)) ("Limitations on pretrial discovery are appropriate where claims may be dismissed

---

[3] The Court will not hold a formal settlement conference until all parties appear in the action.  In the meantime, Defendant IT People Corporation and Plaintiff are encouraged to continue settlement discussions to avoid the expenditure of unnecessary attorney fees.

'based on legal determinations that could not have been altered by any further discovery.'").

**In order to avoid further sanctions,** Plaintiff must familiarize himself with the Federal and the Local Rules, as well as my Practice Guidelines. Plaintiff must include correct captions on his filings, which means accurately listing the judges and not including proposed parties who are not in this lawsuit at this point. Plaintiff's pleadings must be in 14-point font, including the footnotes, and his filings must include page numbers.  Plaintiff is specifically **DIRECTED** to read and study Federal Rule of Civil Procedure 26, and to follow the requirements stated therein.  All discovery is stayed at this point, but should the case move forward, Plaintiff will be expected to properly follow the Federal and Local Rules that govern discovery, *e.g.*, Rules 26-37.  The Court further provides Plaintiff with this information:

    A. The rules, and additional help for *pro se* litigants, can be accessed online via https://www.mied.uscourts.gov/index.cfm?pageFunction=proSe

    B. All parties are required to adhere to Judge Patti's Practice Guidelines, which can be accessed at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51

    C. There is a federal pro se legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School.  To determine if you are eligible for assistance, you may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.

### 4. Plaintiff's motion to amend

For the reasons stated on the record, Plaintiff's motion for leave to file a second amended complaint (ECF No. 52) is **GRANTED IN PART, AND DENIED IN PART**.

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). An amendment is futile if it could not withstand a motion to dismiss. *Thikol Corp. v. Dept. of Treasury*, 987 F.2nd 376, 383 (6th Cir. 1993).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were

10

never presented . . . nor may courts construct the Plaintiff's legal arguments for him.  Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In determining whether to grant the amendment, the Court considers the reasons set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962), where the Supreme Court stated that leave should be freely given, "[*i]n the absence of any* apparent or declared *reason* - - undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc*." (emphases added).

The Court is persuaded by Defendant's argument that the following proposed additional claims are futile and could not withstand a motion to dismiss: (1) any claim under 29 U.S.C. § 211, which does not provide a private right of action, *see, e.g.*, *Elwell v. Univ. Hosps. Home Care Servs*., 276 F.3d 832 (6th Cir. 2002), *East v. Bullock's, Inc*., 34 F. Supp. 2d 1176 (DC Ariz. 1998), and other

11

cases cited from the bench; and, based on the facts as Plaintiff proposed to allege, (2) any claim for intentional infliction of emotional distress. *See Warren v. June's Mobile Home Village & Sales, Inc*., 239 N.W.2d 380, 391 (Mich. App. 1976) ("Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[4]  The Court can see on the face of the proposed pleading that these claims could not withstand a motion to dismiss.  Plaintiff's motion to amend is **DENIED** as to these claims.

However, Plaintiff's motion to amend is **GRANTED** as to adding Mercalis, Inc. as a defendant and as to the following proposed claims: (1) a racial discrimination claim under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*) against both Defendants; (2) a racial discrimination claim under 42

---

[4] Michigan appellate courts have been reluctant to uphold intentional infliction of emotional distress claims in an employment setting, even where a supervisor has insulted an employee about his heritage and assigned him humiliating tasks. *Khalifa v Henry Ford Hosp*, 401 NW2d 884 (Mich. App. 1986); *see also Trudeau v Fisher Body Div, GMC*, 423 NW2d 592 (Mich. App. 1988) (supervisor allegedly invited employee to engage in sexual activity); *Ledl v Quik Pik Food Stores, Inc*, 349 NW2d 529 (Mich. App. 1984) (termination from employment to make example of employee).  Likewise, our sister district found no triable cause of action where an HIV-infected former surgical technician sued his former employer for intentional infliction of emotional distress in connection with his being laid off for unfitness to work. *Mauro v Borgess Med. Ctr.*, 886 F. Supp. 1349 (W.D. Mich. 1995), *aff'd*, 137 F.3d 398 (6th Cir. 1998), *cert den.*, 525 US 815 (1998).

U.S.C. § 1981 against Defendant Mercalis only; (3) a claim under the ADA for retaliation against both Defendants; (4) a claim under the ADA for interference against both Defendants; and, (5) a Bullard-Plawecki claim against both defendants.  As to these claims, it is not clear that these claims would be futile, particularly in light of Defendant's briefing, which sought to introduce sundry unsupported facts, and in any case went well beyond the pleadings, thereby muddling the analysis. (*See, e.g.*, ECF No. 57, PageID.937, 939, 942.)  However, after the second amended complaint is filed, Defendant may bring the appropriate motion to test the pleadings under Rule 12.  Any motion to dismiss, *which shall be directed at the allegations in the pleadings and not matters or evidence outside the pleadings*, and shall be filed within four weeks of Plaintiff's second amended complaint.

On the record, Plaintiff withdrew his request to add an ERISA claim, and therefore no ERISA claim shall be filed in the second amended complaint.

Plaintiff shall file his second amended complaint by **Friday, October 31, 2025**.  The second amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . .  reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  Accordingly, Plaintiff's second amended complaint must contain any claims he intends to pursue from the

current operative pleading, as well as any claims that have been approved by this order to be added.  Plaintiff shall not add any new parties or claims outside those specifically identified in this order.  As the Court warned from the bench, **THIS WILL BE PLAINTIFF'S FINAL PLEADING AND NO FURTHER AMENDMENTS SHALL BE ALLOWED.**

In drafting his pleading, Plaintiff should take note of the instructions provided above, and the Local and Federal Rules.  The form of a pleading is governed by Fed. R. Civ. P. 10.  In part, Rule 10 requires that "[a] party must state its claims or defenses in **numbered paragraphs**, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b) (emphasis added).  Plaintiff should also be cognizant of Rule 10(c)'s limitation of exhibits to "written instruments," which means "a document that defines a party's rights, obligations, entitlements, or liabilities, such as a contract." 2 *Moore's Federal Practice* 3d, § 10.05[2].  This would *not* include, for example, his own personal charts and summaries, like some of the exhibits attached to his proposed complaint. (ECF No. 19-1.)  *See Williamson v. Curran*, 714 F.3d 432, 435-436 (7th Cir. 2013) (traditional understanding of "instrument" is document that defines a party's rights, obligations, entitlements, or liabilities; although court may also consider on motion to dismiss documents that are essential to the complaint and that are referred to in it).  And, to the extent that he does attach exhibits, he is strongly encouraged to

make reference to them in the body of the complaint, so that the parties and the Court know what they are meant to support.  Moreover, the general rules of pleading provide, "[a] pleading that states a claim for relief must contain:

> (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Pleadings are also subject to Fed. R. Civ. P. 11, and even *pro se* plaintiffs must review and understand their obligations contained therein or risk further sanctions. Throwing "everything but the kitchen sink" into a complaint does not enhance it; rather, it tends to have the opposite effect.  Plaintiff would be wise to consult and possibly retain licensed legal counsel (and not merely the Internet), or the *pro se* clinic, before venturing back into the somewhat complicated (and very much rule-driven) land of federal court pleading.  Plaintiff must clearly state which claim is asserted against which Defendant, and articulate the actions of each Defendant that give rise to the claim.  In filing his second amended complaint, Plaintiff should bear in mind that "[t]he goal of the complaint is to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bommarito v.*

15

*Equifax Information Serv's*, 340 F.R.D. 566 (E.D. Mich. 2022) *(quoting Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 555 (2007)) (further internal citations omitted).

5. **Summary of Deadlines**

As further articulated above:

Plaintiff shall tender to Defendant's counsel his first sanctions installment of $300 by **Monday, October 20, 2025.**

Plaintiff shall file his second amended complaint by **Friday, October 31, 2025**.  Plaintiff shall be responsible for effectuating service of process of the second amended complaint on Defendant Mercalis, Inc.

Any motion under Fed. R. Civ. P. 12 attacking the second amended complaint shall be brought by Defendant IT People Corporation, Inc. within **four weeks** (**28 days**) of the filing of the second amended complaint.  The Court will set a deadline for Defendant Mercalis after it has appeared in this lawsuit.

Finally, the Court will conduct a status conference via Zoom on **Monday, November 24, 2025 at 11:00 a.m.**

Aside from those actions set forth above, the case is **STAYED** in all other respects.

**IT IS SO ORDERED.**[5]

Dated:  September 19, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).