UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALID CLARK ALI,

Plaintiff,

v.

IT PEOPLE CORPORATION, INC. and MERCALIS, INC.,

Defendants.
______________________________________/

Case No. 2:25-cv-10815

Honorable Susan K. DeClercq
United States District Judge

Honorable Anthony P. Patti
United States Magistrate Judge

**OPINION AND ORDER GRANTING MOTION TO FILE OBJECTIONS OUT OF TIME (ECF No. 96), OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 97), ADOPTING REPORT AND RECOMMENDATION (ECF No. 95), GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF No. 70; 88), AND DISMISSING THE CASE**

This matter is before this Court on Plaintiff Khalid Clark Ali's objections to Magistrate Judge Anthony P. Patti's report recommending Defendants' motions to dismiss be granted. As explained below, this Court will consider and overrule the objections, adopt the report and recommendation ("R&R") in full, and grant the motions to dismiss, thereby closing the case.

## I. BACKGROUND

In the operative Complaint, Ali, proceeding *pro se*, alleges that he was the victim of discrimination and retaliation at the hands of Defendants IT People Corporation, Inc. ("IT People") and Mercalis, Inc. ("Mercalis"). *See generally*

ECF No. 63. Ali, who is Black, alleges that he was jointly employed by Defendants. *Id.* at PageID.1011–12. He alleges that he was the only Black member of his work team. *Id.* at PageID.1013. In June and July 2024, he raised concerns to Mercalis's Human Resources about "hostile conduct" by his supervisor, Vicky Thai. *Id.* He alleges that on August 13, 2024, he was unexpectedly locked out of the Mercalis computer system. *Id.* Later that day, he was informed that he "had been removed from the project" and his employment contract was terminated. *Id.* at PageID.1013–14.

Ali alleges that after his termination, he "submitted multiple requests to IT People for completion of" paperwork to verify his employment, as required to maintain his Medicaid coverage. ECF No. 63 at PageID.1015. He alleges that IT People never returned the paperwork, despite multiple requests over a period of months. *Id.* at PageID.1015–17.

Here, Ali brings interference and retaliation claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), based on the incomplete paperwork; retaliation and race discrimination claims under both Title VII and 42 U.S.C. § 1981, based on the complaint regarding Thai and subsequent termination; and a violation of Michigan's Bullard-Plawecki Employee Right to Know Act, MICH. COMP. LAWS § 423.501, *et seq.*, for failure to timely produce his personnel file. *See generally* ECF No. 63. Defendants moved to dismiss the

Complaint. ECF Nos. 70; 88. Magistrate Judge Patti issued an R&R recommending this Court grant both motions, ECF No. 95, to which Ali now objects, ECF No. 97.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court "may accept, reject, or modify the" findings and recommendations. FED. R. CIV. P. 72(b)(3); *see also Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. DISCUSSION

This Court has reviewed Ali's Amended Complaint, ECF No. 63; Defendants' motions to dismiss, ECF Nos. 70, 88; Ali's responses to those motions, ECF Nos. 74; 90; Defendants' replies, ECF Nos. 76; 91; Magistrate Judge Patti's R&R, ECF No. 95; Ali's objections, ECF No. 97; and Defendants' responses to

those objections,[1] ECF Nos. 98; 99. Ali moved to file his objections one day late. *See* ECF No. 96. This Court will grant that motion and consider Ali's objections. However, as discussed below, this Court finds no error in the R&R, so this Court will adopt it in full and grant the motions to dismiss.

### A. Objection 1: Ali's Employer

Ali first argues that the R&R erred in concluding that he was an employee of solely IT People, rather than a joint employee of both IT People and Mercalis. ECF No. 97 at PageID.1549–50. However, as Defendants explain in response to Ali's objection, Ali does not explain how this objection, if sustained, would alter the R&R's outcome. *See* ECF Nos. 98 at PageID.1566–67; 99 at PageID.1578. None of Ali's claims were dismissed on the ground that Mercalis was not Ali's employer, so this Court will overrule the objection. *See Pauley v. United Operating Co.*, 606 F. Supp. 520, 523 (E.D. Mich. 1985) (overruling an objection because "the Court is not

[1] IT People's response refers to Magistrate Judge Patti simply as "Magistrate Patti." *See generally* ECF No. 99. The title *magistrate* no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See also* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. CTS. L. REV. 1, 5-6 (2015). Accordingly, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the *type* of judge to which one is referring. This Court notes that the correct salutation is "Magistrate Judge."

satisfied that this objection should alter the Magistrate's recommendation in any way").

**2. Objection 2: Similarly Situated Comparator**

Next, Ali argues that the R&R erred in finding that he has failed to plead the existence of a similarly situated comparator for purposes of his race discrimination claims. ECF No. 97 at PageID.1551–53. Ali argues that because he was the only Black member of his team, his non-Black colleagues are comparators. *Id.*

This Court finds no error in the R&R's conclusion that the operative Complaint provided only conclusory allegations of discrimination. *See* ECF No. 95 at PageID.1510–18 (collecting cases). To the extent Ali relies on his non-Black teammates as comparators, he offers no details of how those colleagues were treated differently. *See generally* ECF No. 63. As the R&R explained, Ali does not plead that those coworkers had the same supervisor (or even the same employer), nor does he plead that those employees were terminated like he was. ECF No. 95 at PageID.1512–18. Rather, Ali identifies comparators in only the broadest of terms, which is insufficient. *See, e.g.*, *Downs v. Del Brands USA, Inc.*, 613 F. App'x 515, 519 (6th Cir. 2015) (holding that a complaint is not sufficiently pleaded with only

broad and conclusory discrimination allegations). This objection will therefore be overruled.[2]

**3. Objection 3: Retaliation**

Third, Ali challenges the R&R's recommendation that this Court dismiss his retaliation claims, arguing that he pleaded sufficient details of his workplace complaint about Thai to establish race-based retaliation. ECF No. 97 at PageID.1554–56. But the operative Complaint offers no specifics, stating only that Ali "and several coworkers raised concerns about hostile conduct by . . . Thai." ECF No. 63 at PageID.1013. Ali never goes on to explain what he means by "hostile conduct," and the term alone does not indicate that the conduct was in any way based on race or disability. As Magistrate Judge Patti recognized, *see* ECF No. 95 at PageID.1509, 1524, such a vague employment complaint is not an "activity protected by Title VII," *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007). *See also Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775 (6th Cir. 2018) (evaluating § 1981 claims under the same standard as Title VII claims). Therefore, this objection

---

[2] Ali also explains that since filing the operative Complaint, he has identified additional comparators, and requests leave to amend so this "newly obtained information" and details "may be pleaded with additional specificity after careful factual verification." ECF No. 97 at PageID.1553. This Court will not consider arguments presented for the first time in response to the R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And to the extent Ali requests permission to amend his Complaint, this improper request will be denied. *See* E.D. Mich. LR 7.1(i); 5.1(e); 15.1.

will be overruled.

**4. Objection 4: Intent**

Fourth, Ali argues that the R&R erroneously adjudicated Defendants' intent by classifying issues with his post-employment paperwork as "a 'bureaucratic bungling' or an 'inept HR process at best,'" rather than evidence of discriminatory animus in violation of the ADA. *See* ECF No. 97 at PageID.1557–59 (citing ECF No. 95 at PageID.1501). But the R&R did not adjudicate intent here. Rather, as Magistrate Judge Patti explained, Ali failed to allege that he engaged in activity protected by the ADA, and failed to allege a causal connection to any adverse action. ECF No. 95 at PageID.1500–05. Therefore, Magistrate Judge Patti explained, Ali had alleged at worst a paperwork delay or mix-up, rather than a viable ADA claim. *Id.* Given that this Court finds no error in the underlying analysis, this objection is similar to Ali's first objection in that changing the words "bureaucratic bungling" and "inept HR process" would have no effect on the R&R's outcome. *See Pauley*, 606 F. Supp. at 523. Therefore, this objection will be overruled. *See id.*

**5. Objection 5: Bullard-Plawecki Employee Right to Know Act**

Ali's next objection asks that if this Court dismisses his federal claims, it should decline to exercise supplemental jurisdiction over his claim brought under the Bullard-Plawecki Employee Right to Know Act ("the Act") and dismiss it without prejudice. ECF No. 97 at PageID.1559–60. However, given Ali's repeated

misrepresentation of the Act and the clear, repeated deficiencies in his pleadings—*see* ECF No. 95 at PageID.1519–23—this Court finds that a dismissal with prejudice is appropriate. Ali's claims concern requirements that do not exist under the Act, and this Court finds that a dismissal without prejudice would, in essence, offer a third bite at the apple to amend a falsified pleading, which would be improper. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "repeated failure to cure deficiencies by amendments previously allowed" counsels in favor of not granting leave to amend). This objection will therefore be overruled.

**6. Objection 6: Amendment**

Finally, Ali seeks leave to file a fourth amended complaint. Not only is this request improper, *see* ED Mich LR 7.1(i); 5.1(e); 15.1, but this Court has previously ruled that no further amendments will be allowed. ECF No. 61 at PageID.986. Ali has not explained why he was unable to cure his Complaint's deficiencies in either the First Amended Complaint or the Second Amended Complaint. While leave to amend is generally freely given, this Court need not extend leave to amend indefinitely. *Foman*, 371 U.S. at 182; *see also, e.g.*, *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A "request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.") (internal quotation marks and citation omitted.). This request will therefore be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to File Objections One Day Out of Time, ECF No. 96, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Objections, ECF No. 97, are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 95, is **ADOPTED IN FULL**.

It is further **ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 70; 88, are **GRANTED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 30, 2026